UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

PETRA _____ [1],     )
Plaintiff,              )
                       )
vs.                  )   No. _____1:07-cv-286-PB_____
                       )   Jury Trial Demanded
FRIENDFINDER NETWORK, INC.,   )
and VARIOUS, INC.,        )
Defendants.          )

## COMPLAINT

Plaintiff, Petra _____, for her claims against defendants, FriendFinder Inc.

("Friendfinder" or "FF"), and Various, Inc. ("Various"), states as follows:

## Introduction

1.     This is an action by plaintiff, Petra _____, against two huge internet

companies, for creating, facilitating, maintaining, re-publishing and promoting false, bogus and

defamatory personal profiles (the "Profiles") purportedly placed by and about plaintiff. The

Profiles, in various variations, contained (a) personal information reasonably identifying them as

relating to plaintiff, and (b) other "explicit" and "adult" material, including a nude photo

purporting to be of plaintiff, which were wholly false and unapproved by plaintiff, and

(c) invitations for sexual encounters which were in no way connected to plaintiff.

2.     Defendants FriendFinder and Various posted the Profiles on several affiliated

web sites, including AdultFriendFinder.com, LesbianPersonals.com and

Swingers.AdultFriendFinder.com, over a period from June 1, 2005 to at least September 2006,

entirely without plaintiff's knowledge. During that period, numerous persons in plaintiff's

---

[1] Plaintiff's full name is being filed with the Court under seal.

community viewed the Personals on the site, believed them to be from and about plaintiff, and incorrectly believed that she was soliciting sexual encounters. The publication of the Profiles, the actions of defendants, and the resulting actions taken by and impressions gained by people in plaintiff's community, have been devastating to plaintiff, her reputation, her family and family relationships, and her professional and social standing; and have caused her immeasurable and irreparable pain and suffering, which is ongoing.

3.      This action is brought in eight counts, as follows:

| Count | |
|-------|---|
| I | Invasion of Privacy/Intellectual Property Rights |
| II | Defamation/Libel/Slander |
| III | Negligence/Reckless Conduct |
| IV | Dangerous Instrumentality/Product; Strict Liability |
| V | Intentional/ Infliction Of Emotional Distress |
| VI | Unfair Trade Practices, NH RSA 358-A |
| VII | False Designation Of Origin Under Lanham Act, 15 U.S.C. §§1051 ff |
| VIII | Willful And Wanton Conduct |

<u>Parties</u>

4.      Plaintiff is a resident of _____, New Hampshire, a tightly-knit college and family town with a population of approximately 5,000, where she has resided for 23 years, attended business school, was married to an associate college dean, and worked for a leading commercial enterprise, and where she has and is raising her children. All three of her children were still living with her and attending school in the small community during the period the bogus Profiles were posted and gossip continued. Plaintiff is also a highly-sophisticated professional with important contacts in the business and social community, where gossip about the Profiles apparently abounded without her knowledge. Plaintiff in no way has ever engaged in a promiscuous sexual lifestyle as reflected in defendants' bogus Profiles, let alone lesbian

activities or other sexual activities which plaintiff and a large portion of her community and social circle consider perverse.

5.      Defendants FriendFinder and Various are affiliated California corporations with principal office at 445 Sherman Avenue, Suite C, Palo Alto, CA 94306-1828. Their founder and CEO is Andrew Conru, and they are affiliated companies. According to their own published information, FriendFinder owns 25 "web communities" where "over 100 million registered members" meet each other through computer "personals." These include non-sexual networks such as FriendFinder.com, GermanFriendFinder.com, ItalianFriendFinder.com, JewishFriendFinder.com, and SeniorFriendFinder.com, and also explicit, sexual sites, with pornographic focus such as AdultFriendFinder.com ("AFF"), LesbianPersonals.com, Swingers.com and Cams.com. According to FriendFinder, AFF is "the World's Largest SEX and SWINGER Personal Community." According to Various' and FriendFinder's published information, AFF is a "service" of Various and AFF. Various owns the network LesbianPersonals.com. According to public reports, over 80% of FF's income is derived through its sexually explicit sites.  According to public reports, FriendFinder and Various generate more than $150 million in profits per year.

Jurisdiction And Venue

6.      Plaintiff is a citizen of the State of New Hampshire. Defendants are citizens of the State of California, and the matter in controversy exceeds the sum of or value of $75,000, exclusive of interest and costs. This Court has subjection matter jurisdiction over this action under 28 U.S.C. §1332.

7.      In addition, this action arises out of violations of the United States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. §§1051 ff. (Count VIII). Thus, this Court also has subject matter jurisdiction over Count VIII under 28 U.S.C. §1331.

8.      Venue is proper in this District under 28 U.S.C. §§1391(b), as a substantial part of the events or omissions giving rise to these claims occurred in this District, including posting of the bogus Profile on the internet, publication so that it could be viewed in New Hampshire, its repeated viewing in New Hampshire, and the damage to plaintiff, occurred in New Hampshire.


<u>Facts Common To All Counts</u>

<u>The Initial Bogus Profile</u>

9.      On or about June 1, 2005, using a Dartmouth College dial-up connection accessed by Dartmouth College user identification and password computer, a customer of defendants (the "Poster") created the initial bogus "standard member" Profile ("Profile I") on defendants' AdultFriendFinder network ("AFF"), suggesting it was prepared by and about plaintiff, which

(a) used the identifier, known in the trade as a "handle," of "petra03755;"

(b) contained a nude image of a woman purporting to be plaintiff; and

(c) stated the following purportedly about plaintiff:

**European woman. Recently separated** [sic].

**40 year old Woman** in Upper Valley, New Hampshire, United States. Looking for: Men or Women for Erotic Chat/E-mail/Phone Fantasies and Discreet Relationship.

**Profile for Petra03755**
English is my second language. Sex is my first? I'm fluent in both. Perhaps you'd like to learn.

**Ideal person:** Imagination is more important online than endowment.

4

**Tell us about your most favorite sexual fantasy. Don't hold back!:** My "fantasy" quickly became reality. I have met a few people that actually know me online. After the initial embarrassment we realized that our secrets were safe as we were both "out". :)

**What location do you fantasize about for a sexual encounter**: the sauna at the River Valley Club.

**What toys do you enjoy using during sex play?**
Dildos/Vibrators, Cock ring, Clit stimulators (battery operated).

**In the bedroom, what types of activities interest you?** Giving oral Sex, Toys (Vibrators/Dildos/etc.), Bondage, Making Home "Movies", Participating in Erotic Photography.

**In the bedroom, what types of activities are OFF LIMITS to you?** Urolegnia (Water Sprts/Urine), Food Play

**What factors are most important to you when looking for a sexual partner?** Physical attraction

**Besides the obvious, what areas of your body do you consider erogenous zones?** Neck, Feet, Toes

**Have you ever videotaped or taken pictures during a sexual encounter?** I've taken and been in a few naughty pictures.

**Is it true that size matters?** I think it does, but there's ways to work around it.

**Do you enjoy talking dirty during sex?** Yes! It's an essential element.

**Work & Living Environment**

**What best describes the pace of your life?** I never know what will happen until it happens

**How much time does your job take up in your life?** I don't work

**What kind of place do you live in?** House

**Petra03755's information:**

**Gender:** Woman

**Birthdate:** May 1, 1965 (40 years old)

**Sexual Orientation** Bi-curious

**Lives in:** Upper Valley, New Hampshire, United States

**Relocate?** Yes

**Marital Status:** Prefer not to say

**Height**: 5 ft 7 in/ 171-172 cm

**Body type:** Slim/Petite

**Smoking:** I'm a non-smoker

**Drinking:** I'm a light social drinker

**Education:** Prefer not to say

**Race:** Caucasian

**Religion:** Prefer not to say

**Have Children:** Yes. We sometimes live together

**Want Children:** Prefer not to say

**Bra Size: 34B**

**Speaks:** English, German

**Hair Color:** Blonde

**Hair Length:** Long

**Eye Color:** Green

The Profile I also contained a nude picture purporting to be that of plaintiff. A copy of the bogus

Profile I is attached as Exhibit 1 and incorporated by reference.

10.     Taken as a whole, the non-sexual information and image in the bogus Profile I reasonably identified plaintiff to persons in her community.

FriendFinder's And Various' Initial Acts/Omissions

11.     The Poster, a customer of defendants, created the Profile I, cost-free, on the AFF web site using the Yahoo user account NHMaryCassatt@yahoo.com. The AFF site not only allowed and facilitated the entry of sexual information but encouraged it by providing suggested check-the-box sexual responses to many of the Profile I's questions which the Poster was able to simply check.

12.     FriendFinder and Various took no meaningful action to protect plaintiff, and the public in general, against the posting of bogus profiles and against wrongful actions using its network. They employed no verification techniques to ensure that the poster of information was the person referred to in the Profile; they employed no techniques to verify the accuracy of information posted; they took no action to enable users or posters of information to be traced; and they took no action to verify that the person in the Profile I, or the persons in any profiles, are real.

13.     The false Profile I deceived AFF customers, who signed up to meet this purported person and paid for the right to access Profile I. It is entirely possible that AFF/Various customers engaged in "cyber sex" with the Poster for almost two years, believing erroneously that they were communicating with plaintiff, while generating profits for FF and Various.

14.     Far from verifying accuracy of information and traceability of posters, FF and Various took special pains to make sure they could *not* trace posters, nor could others including

law enforcement authorities, and to so advise their customers. Their AFF "Privacy Policy,"

posted on AFF, states:

> In our online **ANONYMOUS** registration form, we ask you to
> provide us with certain information such as your age and the type of
> relationship you are looking for. . . . **However, NONE of the**
> **personally identifiable information can be accessed or used by**
> **the public to identify a specific individual.**

(Bold and capitalization in AFF original).


Plaintiff's Discovery Of The Profile I

15.     On June 30, 2006, two days before plaintiff embarked on a trip abroad, an

acquaintance expressed surprise at her apparent "swinger" lifestyle and pointed out to her

discreetly that the Profile I was published on AFF. The friend stated that she had learned of the

Profile I from other members of plaintiff's community, who had apparently been sharing and

discussing it among themselves. Until that moment plaintiff was totally unaware of the Profile I

and of the AFF site.

16.     On July 1, 2006, plaintiff spoke about the Profile I to her (separated) husband,

who denied being the poster but indicated that he had been aware of the Profile I for several

months, believed it to be genuine, and had been planning to use it against plaintiff in their

divorce proceeding.

17.     In late 2005 – until plaintiff's husband had learned of the Profile I – plaintiff and

her husband had put their divorce proceeding on hold and had been considering whether to

reconcile. Upon learning of it, plaintiff's husband had initially been shocked but then, after

paying FF to "join" for a month and trying unsuccessfully to contact plaintiff through the site,

came to believe or suspect that plaintiff had posted it, and then pushed forward his discovery

process in the divorce case, without divulging that he had learned of the posting and believed it to be genuine.

18.     During her entire journey abroad in July 2006, plaintiff was consumed with the damage being done by the Profile I, with trying to figure out which social and professional contacts over the previous year had been influenced by the Profile I, with attempting to understand how it had been created, and with getting it removed. This involved constantly visiting the AFF and related sites to learn how they worked and to attempt to monitor what profiles might be posted about her, talking to her friends and family, and communicating with FF by e-mail.

Substitute Message

19.     On July 3, 2006, FF and Various agreed to remove the Profile, and apparently did remove it from the AFF site.

20.     However, in removing the Profile from AFF, FF and Various posted a substitute message ("Removal Message") for "members" and others seeking to call up the Profile I or to communicate with "petra03755":

              "Sorry, this member has removed his/her profile."

The Removal Message continued to be posted at least into early 2007. Samples of the Removal Message are attached as Exhibit 2 and incorporated by reference.

21.     Defendants' actions in posting the Removal Message were false and misleading, and damaged plaintiff in that, at least, (a) the replacement message falsely communicated that plaintiff was a member, when she had never been, (b) the replacement message falsely communicated that the Profile I was plaintiff's profile, that is, that she had created it in the first

place, and (c) the replacement message falsely communicated that <u>plaintiff</u> was the person who

had removed the profile. Moreover, (d) defendants' actions did nothing to correct the false

impression that the original information had been posted by and about plaintiff, and (e) they did

nothing at all to inform FF's and Various' "members" and others visiting the site that the Profile

I had in fact been bogus and false.


Postings On Affiliated Sites

     22.     In addition, FF and Various modified the Profile I slightly, but left sufficient

information so as to continue to identify plaintiff as the purported poster and subject of the

posting, and re-posted the profile (the "Modified Profiles"), still entitled "petra03755," on related

sites which they also own and operate including, to the best of plaintiff's memory,

swingers.adultfriendfinder.com and lesbianpersonals.com.[2]

     23.     As with the Profile I on AFF, these Modified Profiles damaged plaintiff,

interfered with her intellectual property rights/rights to privacy, and otherwise defamed and

damaged her.


Teasers

     24.     In addition, FF and Various coded the Profile I and/or the Modified Profiles, and

made arrangements with companies operating search engines, such as Google and Yahoo, so that

portions of the Profile I and/or the Modified Profiles were retrieved through searches either (1)

using some of the key terms within the Profiles, or (2) entering certain true information about

---

[2] Plaintiff did not print out copies of the profiles on these sites and is therefore unable to attach copies.

plaintiff, such as her name. The search responses (the "Teasers") contained electronic links directing the user to FF's/Various' sites, including to the Profile I and/or Modified Profiles.

25.     Some sample Teasers, in four variations, stated

petra03755's Profile – Woman Looking For Men or Women for
Erotic . . .Profile for **petra02755.** English is my second language.
Sex is my first? I'm fluent in both. Perhaps you'd like to learn? Mt
Ideal Person: . . .
lesbianpersonals.com/view/**petra03755**

Women Seeking Women near Lebanon
petra03755 European woman. Recently separated [sic]. 41 year old
Woman Looking for Men or Women Living in Upper Valley, New
Hampshire, United States.. . .
swingers.adultfriendfinder.com

Women Seeking Women in New Hampshire
**petra03755** European woman. Recently separated [sic], Last Visit:
Within the last 3 days. 40 year old Woman Looking for Men or
Women Living in Upper Valley, . . .
adultfriendfinder.com

Women Seeking Men in New Hampshire
Meet lusty singles right now!, View thousands of member videos,
Chat with millions of eager sex-seekers worldwide! . . .
Adultfriendfinder.com

and linked to the AFF, LesbianPersonals.com and Swingers.AdultFriendFinders.com sites. The additional "traffic" driven to defendants' web sites by the Teasers directly resulted in addition revenue and profits for defendants, using plaintiff's name, personal information, purported image and likeness to do so, and while damaging plaintiff. The above samples Teasers are attached as Exhibit 3 and incorporated by reference.

Ads

26.     In addition, FF and Various purchased web advertising (the "Ads") on, and/or traded advertising in kind with, one or more other sites – generally sexually related – where they

published portions of the Profile I and/or Modified Profiles to attract web surfers to their AFF

site as well as other FF/Various sites. These Ads typically announced FF's/Various' sites to web

users who were already viewing sexually-oriented material elsewhere, invited them to locate a

real person to meet for sexual encounters, and posted AFF profiles of customers whose zip codes

matched, or nearly matched, the zip codes of the web surfers as reflected in their "cookies."

27.     FF and Various routinely published such Ads, including ads using the Profile I

and/or Modified Profiles, on other sites with the expectation and knowledge that (a) they would

be displayed to users in plaintiff's community, and they were so displayed, and (b) plaintiff's

name, personal information and purported likeness would be used to publicize defendants'

business. Sample of such Ads are attached as Exhibit 5 and incorporated by reference.


Additional Postings

28.     Although FF and Various apparently removed the original Profile from the AFF

site on July 3, 2006, as promised, by checking the other AFF and Various sites, plaintiff

discovered that variants of the Profiles kept appearing on those sites. Through her local police,

plaintiff contacted FriendFinder and Various, which advised that it had been removed and that

they were preserving all records relating to it.

29.     Despite those promises and assurances, FF's and Various' postings were still

available as late as September 7, 2006, on at least the lesbianpersonal.com site. For example, on

September 7, 2006, FF's and Various' site LesbianPersonals.com showed a "Standard Member"

profile, as follows:

Standard Member  petra03755   European woman Recently separated [sic]
41 year old Woman
Living in Upper Valley, New Hampshire
**Last Visit: More than a month**

A copy of the September 7, 2006 "standard member" profile is attached as <u>Exhibit 4</u>
and incorporated by reference.

30.     When plaintiff contacted the police again on or about September 7, 2006 to alert
them that the Profile had not been removed, FriendFinder and Various thereafter (apparently)
removed the Profile from all three of their networks, but one or more of the Teasers remained,
until at least October 21, 2006. On that date a "Google" search of plaintiff's first name and postal
code still retrieved two Teasers with links to FriendFinders' AFF and LesbianPersonals
networks.

31.     FriendFinder and Various themselves caused the Teasers to be created and linked
to their sites, and/or arranged for prominent and frequent placement of the Teasers.

<u>Plaintiff's Damages</u>

32.     Plaintiff has suffered, and continues to suffer, damages as a result of defendants'
acts/omissions/services/instrumentalities, including but not limited to the following:

(a)  She has suffered libel, slander, defamation of character, humiliation, invasions
of privacy, and irreparable damage to her reputation, including among those who are or have
been closest to her, such as her husband, her children, and those in her community.

(b)  Her marriage was totally undermined, at least during the period between her
husband's discovery of the posting and January 2007, and possibly forever.

(c)  She and her family have suffered deep, and wholly unjustified, shame. As a
single European woman in a small New England town, her image has been irreparably tarnished.
She worried and worries that her teenaged sons would be hurt by gossip about the postings and
by seeing her humiliated. Her teenaged daughter was a senior in high school at the time, living in

a small community, and plaintiff worried, and still worries, that she or her daughter might be assaulted or otherwise placed in harm's way from persons believing that plaintiff was seeking sexual relationships.

(d)  She has suffered great emotional distress, mental anguish, and mental injury, and has been devastated and humiliated, by the thought that persons in her community believed, and probably still believe, the Profile I, the Modified Profiles, the Teasers and the Ads to be hers or about her; and that persons are undoubtedly speaking and gossiping about her in sexual ways which she finds disgusting; that acquaintances and family members around the world can access, and have likely accessed, the Profiles, Ads or Teasers, believing them to be hers; that work and professional colleagues, and potential employers may have accessed the Profiles, Ads and Teasers or heard of them; and that any number of persons may be corresponding with defendant's customer/Poster by e-mail and imagining that they are having "cyber sex" with plaintiff, whose identity the Poster has assumed. She has required therapy, beginning in September 2006, relating to the postings.

(e)  She has been forced to share the information concerning the Profiles and Teasers with her teenaged children so that they would not learn of them through other sources.

(f)  Beginning with her trip abroad the day after learning of the Profile I, she has been consumed, and has spent enormous resources and time, in learning about and attempting to eradicate the Profile and Teasers as well as to correct the false images projected of her.

(g)  She believes she has lost important employment opportunities.

(h)  She has been approached by persons who viewed the Profiles, and believed them to be genuine.

(i)  She has been forced to continually monitor the various AFF sites to verify that the various Profiles are off.

## Count I
### Invasion Of Privacy/Intellectual Property Rights

33.     Plaintiff incorporates the foregoing allegations into this Count by reference.

34.     Defendants have invaded plaintiff's privacy, by (a) intruding on her physical and/or mental solitude or seclusion; (b) publicly disclosing private facts relating to her; (c) giving her publicity which placed her in a false light in the public eye; and (d) appropriating for their own benefit or advantage plaintiff's name, other personal information, and (by publicizing a false image of her) her likeness and/or image.

35.     Plaintiff's rights under one or more of the foregoing invasions of privacy are intellectual property rights.

36.     Plaintiff has suffered resulting damages, and defendants FriendFinder and Various have been unjustly enriched as a result.

## Count II
### Defamation/Libel/Slander

37.     Plaintiff incorporates the foregoing allegations into this Count by reference.

38.     Defendants have published to others, without privilege to do so, false and defamatory statements about plaintiff to third parties.

39.     The statements are actionable *per se* as scandalous words, and in any event plaintiff suffered damage and injury as set forth above.

Count III
Intentional/Negligent/Reckless Conduct

40.     Plaintiff incorporates the foregoing allegations into this Count by reference.

41.     Defendants' acts and omissions were intentional, negligent and/or reckless.

42.     Plaintiff has suffered resulting damages, and defendants have been unjustly enriched as a result.

Count IV
Dangerous Instrumentality/Product

43.     Plaintiff incorporates the foregoing allegations into this Count by reference.

44.     FriendFinder's and Various' products – the AFF Network, LesbianPersonals.com and Swingers.AdultFriendFinders.com – by giving persons the ability to anonymously create accounts and to create fictitious or false and bogus accounts, that cannot be traced even with subpoena, were provided in defective condition unreasonably dangerous to members of the public, such as plaintiff.

45.     FriendFinder and Various were and are engaged in the business of providing the AFF Network and other networks for profit, and their value is directly related to the number of account holders and "hits" on their networks.

46.     FriendFinder and Various expected their respective products to reach the public without substantial change from the manner in which they were created, and their products did reach the public in that condition.

47.     It was reasonably foreseeable that one or more members of the public, including plaintiff, would be damaged and injured by FriendFinder's and Various' products.

48.     Plaintiff has suffered damages and injury from FriendFinder's and Various' defective products, and they have profited precisely from offering a defective product.

Count V
Intentional And/Or Reckless Infliction Of Emotional Distress

49.     Plaintiff incorporates the foregoing allegations into this Count by reference.

50.     Defendants acted recklessly and/or intentionally in connection with the postings,
and re-posting the Profile I and Modified Profiles, the Ads, and the Teasers, in posting the false
Removal Message that the plaintiff, the purported "member," had "removed his/her profile," and
in failing to create and maintain appropriate safeguards in place to prevent the actions set forth
above and the resulting damage to plaintiff.

51.     Defendants' acts were extreme and outrageous.

52.     Defendants' acts caused plaintiff to suffer severe emotional distress as well as
resulting bodily harm.

Count VI
Unfair Trade Practices Under NH RSA Ch. 358-A

53.     Plaintiff incorporates the foregoing allegations into this Count by reference.

54.     Plaintiff and each of the defendants are "persons" as that term is defined in RSA
358-A:1(I).

55.     Each of the defendants FriendFinder and Various engaged in unfair or deceptive
acts and/or practices in the conduct of a trade or business within the State of New Hampshire, all
as defined in RSA 358-A:2, including

(a) Causing likelihood of confusion or of misunderstanding as to the source,
sponsorship, approval or certification of the Profile, Teasers, or subsequent variations on both, or
of the supposed "removal" of the Profile by the "member," that is, purportedly, plaintiff.

(b) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association of the Profile, Teasers, and subsequent variations, and removal, with plaintiff.

(c) Otherwise using unfair or deceptive acts or practices, as set forth in more detail above.

56.     The above acts also constitute acts under RSA 358-A, II, III and IV as well as under the first sentence of RSA 358-A:2 which attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble world of commerce.

57.     Plaintiff has been injured and damaged by defendants' acts.

58.     Defendant' conduct was willful and intentional.

59.     Plaintiff is entitled to injunctive relief, statutory damages of $1,000 for each violation, and/or at least two times, and up to three times, her damages caused by defendants' acts, plus her attorneys fees.

Count VII
<u>False Designations Under Lanham Act, 15 U.S.C. §§1051 ff.</u>

60.     Plaintiff incorporates the foregoing allegations into this Count by reference.

61.     As set forth above, defendants have used words, terms, names, symbols, devices, or some combination thereof; and/or a false designation of origin, false or misleading description of fact, or false or misleading representations of fact; in commerce and in connection with goods and/or services.

62.     Defendants' usage was likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendants with plaintiff; or as to the origin, sponsorship, or approval of defendant's goods, services or commercial activities by plaintiff.

63.     Defendants' usage in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of defendants' goods, services, or commercial activities.

64.     Plaintiff has been and continues to be damaged by such acts.

65.     Plaintiff is entitled to injunctive relief, recovery of defendants' profits, a sum not exceeding three times her damages, costs, in the court's discretion a higher sum found to be just in the case and reasonable attorneys fees.

Count VIII

Willful And Wanton Conduct

66.     Plaintiff incorporates the foregoing allegations into this Count by reference.

67.     Defendants conduct was willful, wanton and with malice.

68.     Plaintiff is entitled to punitive damages and/or enhanced compensatory damages or liberal compensatory damages.


WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against the defendants, awarding her the following:

A.      Preliminary and permanent injunctive relief requiring, among other things, that

(1)     Defendants Friendfinder and Various immediately cease usage of their AFF and all other networks unless and until it establishes safeguards to the Court's reasonable satisfaction that enables creators of information on FriendFinder's networks and Various' service to be identified and retained so that they can be held responsible for their actions.

(2)     Defendants FriendFinder and Various immediately obtain and provide to plaintiff and to law enforcement personnel the identity of the Poster(s) who created the bogus Profile I.

(3)     Defendants FriendFinder and Various post prominent notices, approved by

the Court, in broadly-circulated national newspapers and on the home

pages of their networks/services (i) apprising the public of the actions

facilitated by them as described in this Complaint, (ii) apologizing to

plaintiff and all other persons who have been damaged or injured, and

(iii) apprising the public of remedial and corrective actions taken by them.

B.      Award plaintiff her actual damages, including but not limited to her monetary

damages, her financial damages and the value of her time in investigating and pursuing this

action, the value of her emotional distress and suffering, and loss of reputation, and loss of

potential employment opportunities, in an amount in excess of Ten Million Dollars

($10,000,000).

C.      Award plaintiff defendants' profits.

D.      Award plaintiff punitive and/or enhanced compensatory damages.

E.      Under RSA 358-A, award plaintiff at least double and up to three times her actual

damages, plus interest, costs and attorneys fees.

F.      Under the Lanham Act, award plaintiff up to triple her damages and/or triple

defendants' profits; a higher sum which the Court shall determine to be just; her costs; and

attorneys fees.

G.      Costs.

H.      Attorneys fees.

I.      Such other and further relief as the Court may find appropriate.

Date:   September 6, 2007

PETRA _____,
Plaintiff,


___/s/ W. E. Whittington___
W.E. Whittington


W. E. Whittington, Esq. (Bar #6916)
WHITTINGTON LAW ASSOCIATES, PLLC
35 South Main Street
Hanover, NH 03755
(603) 643-2755
ned@whittington-law.com


Attachments

Ex. 1 – petra03755 "profile"
Ex. 2 – FF/Various notice of "removal"
Ex. 3 – Teasers
Ex. 4 – "Standard Member" profile on LesbianPersonals.com
Ex. 5 – Sample Ads placed by defendants on other sexually-oriented web sites