UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Jane Doe

    v.                                              Civil No. 07-cv-286-JL
                                                Opinion No. 2008 DNH 098
Friendfinder Network, Inc.
and Various, Inc.


**O R D E R**

The plaintiff, proceeding pseudonymously, has moved for reconsideration of this court's order granting the defendants' motion to dismiss in part and denying it in part.  See Doe v. Friendfinder Network, Inc., ___ F. Supp. 2d ___, 2008 DNH 058. She challenges the court's ruling that the Communications Decency Act of 1996, 47 U.S.C. § 230 ("CDA"), immunizes the defendant website operators from liability from what she characterizes as "actionable first-party postings" defaming her.  Id. at 12-18.

This court reconsiders one of its orders only in the case of "a manifest error of fact or law."  L.R. 7.2(e).  As this standard suggests, "such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected."  Palmer v. Champion Mtg., 465 F.3d 24, 30 (1st Cir. 2006).  This court rejected the plaintiff's "first party postings" claim in its order on the motion to dismiss.  2008 DNH 058, at 12-18.  The court reasoned that,

because the third party who had submitted the unauthorized profile of the plaintiff to the defendants' on-line personals service under the screen name "petra03755" had been the source of the allegedly injurious matter in those postings, holding the defendants liable for them would violate the CDA's express command that "No provider . . . of an interactive computer service shall be treated as the publisher or speaker of [] information provided by another information content provider." 47 U.S.C. § 230(c)(1). As the court explained at length, this language leaves no room for liability on the theory that a service provider "re-posted"--by the actions of either man or machine--actionable information, so long as that information was provided by somebody else.[1]  2008 DNH 058, at 12-18 & n.10.

---

[1] As the court also ruled, over the defendants' vigorous objection, the CDA does not bar the plaintiff's common-law right of publicity claim by virtue of the CDA's intellectual property exception, 47 U.S.C. § 230(e)(2). 2008 DNH 058, at 30. The defendants preserve that argument in their objection to the motion to reconsider, adding that the Ninth Circuit's recent decision in Fair Housing Council v. Roommates.com, LLC, 521 F.3d 1157 (9th Cir. 2008), "affirmed the correctness of the result in Carafano v. Metrosplash.com, Inc., 339 F.3d 1119 (9th Cir. 2003), which dismissed a right of publicity claim on the basis of CDA immunity." This argument is not well-taken, because, as the court noted in its order, 2008 DNH 058, at 31 n.15, Carafano did not discuss the application of § 230(e)(2). In fact, neither Carafano nor the majority opinion in Fair Housing Council even acknowledges the existence of § 230(e)(2).

2

That includes the defendants' message, "Sorry, this member has removed his/her profile," which appeared when other members tried to access the "petra03755" profile after the plaintiff had notified the defendants of its unauthorized nature.  While the information in this statement--that "petra03755" was a member of the defendants' adult personals service, and that "petra03755" had removed her profile--can arguably be said to have originated with the defendants themselves, that information does not itself defame or otherwise injure the plaintiff, and she has never argued to the contrary.  Instead, as the plaintiff alleges, the information is defamatory only in conjunction with other information that did not come from the defendants, namely the biographical data, supplied by a third party, misidentifying "petra03755" as the plaintiff.[2]  See Complaint ¶ 21.  As the

---

[2]Indeed, the court can see no meaningful difference between the alleged statement "Sorry, this member has removed his/her profile," posted upon its removal, and the hypothetical statement "This member has entered his/her profile," posted upon its appearance.  In either case, the statement simply conveys the association between the member and the profile created when the member--acting as "another information content provider"--entered the profile.  Because virtually every website containing third-party content also contains statements of this nature, i.e., in which the service provider attributes particular content to particular users, the CDA cannot reasonably be read to countenance liability for such statements, even if they are mistaken.  See 2008 DNH 058, 14 n.8 ("premising liability on the standard features that service providers use in identifying and organizing data from other sources would effectively gut the protections of the Act") (footnote omitted).

court explained in its prior order, "[t]he allegedly tortious nature of [the] statements [in the removal message] proceeds solely from the association they create between the plaintiff and the content of the profile. Again, that content did not originate with the defendants, but with an unknown third party." 2008 DNH 058, at 13-14 & n.8.

In a decidedly unusual argument, the plaintiff faults the court for giving undue consideration to her complaint by deciding whether theories she had clearly pled--but had not specifically argued in her objection to the defendants' motion--survived dismissal. This criticism is misplaced. "It is a well-settled principle of law that a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory."[3] Bowers v. Hardwick, 478 U.S. 186, 201 (1986) (Blackmun, J., dissenting) (internal quotation marks omitted); accord, e.g., Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994); 5B Charles Alan Wright et al., Federal

---

[3]This is not to say that a plaintiff cannot waive particular claims set forth in the complaint by failing to argue them in opposition to a motion to dismiss. See McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 22-23 (1st Cir. 1991). But the plaintiff is not usually the one making that argument.

4

Practice & Procedure § 1357, at 676 (3d ed. 2004). The court was simply discharging this duty by deciding whether the CDA insulated the defendants from liability from <u>all</u> of the various acts and omissions alleged in the complaint. In any event, an argument that the court was too thorough in its decision would seem to cut against, rather than in favor of, reconsideration.

The motion for reconsideration (document no. 21) is DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  May 8, 2008

cc:  W. E. Whittington, Esq.
     James P. Bassett, Esq.
     Ira P. Rothken, Esq.
     Jared R. Smith, Esq.
     Jeffrey C. Spear, Esq.